﻿Citation Nr: AXXXXXXXX
Decision Date: 03/31/20 Archive Date: 03/31/20

DOCKET NO. 190711-12641
DATE: March 31, 2020

REMANDED

Entitlement to compensation under 38 U.S.C. § 1151 for VA treatment of a torn right Achilles tendon from July 2013 to December 2013 is remanded.

REASONS FOR REMAND

The Veteran served on active duty in the Army from January 1983 to January 1986 and from March 1987 to March 1989.

This matter comes before the Board of Veterans’ Appeals (Board) from an April 2019 rating decision that denied entitlement to compensation under 38 U.S.C. § 1151 for right Achilles tendon. The Veteran submitted a timely “Decision Review Request: Board Appeal (Notice of Disagreement)” form (via VA Form 10182) in July 2019. The Veteran requested direct review of the evidence considered by the AOJ. Accordingly, the Board will consider the evidence of record as of the date of the April 2019 rating decision (April 8, 2019).

 Entitlement to compensation pursuant to 38 U.S.C. § 1151 for right Achilles tendon is remanded for a VA examination and opinion. 

In February 2019, the Veteran filed a claim for compensation under 38 U.S.C. § 1151 for additional disabilities of his right Achilles tendon incurred as a result of original misdiagnosis and delayed surgery. 

Specifically, the Veteran contends that in July 2013, he stepped wrong and felt a pop which he believed was a tear of his right Achilles tendon. When he told the VA emergency room doctor what happened, he was told it was a bad sprained ankle, however, MRI results months later confirmed it was a torn Achilles tendon. The Veteran underwent surgery by VA in December 2013, at which time the orthopedic surgeon told him his foot had started to mend itself. Moreover, the Veteran has stated that he still has pain in the Achilles tendon that is getting worse and prevents him from doing his job as a construction worker. 

Pursuant to 38 U.S.C. § 1151, compensation shall be awarded for a qualifying additional disability in the same manner as if such additional disability were service connected. A disability is a qualifying additional disability if the disability was not the result of a veteran’s willful misconduct and (1) the disability was caused by hospital care, medical or surgical treatment, or examination furnished the veteran under any law administered by the Secretary, either by a VA (Department) employee or in a Department facility as defined in 38 U.S.C. § 1701 (3)(A), and (2) the proximate cause of the disability was (a) carelessness, negligence, lack of proper skill, error in judgment, or similar instance of fault on the part of the Department in furnishing the hospital care, medical or surgical treatment, or examination; or (b) an event not reasonably foreseeable. 38 U.S.C. § 1151.

In determining whether a VA examination or opinion is warranted in a section 1151 claim, the Board must analyze the evidence of record to determine whether it “indicates” that the disability or symptoms “may be associated with” VA treatment, a question with a similarly low threshold as that applicable to service connection claims. Trafter v. Shinseki, 26 Vet. App. 267, 280 (2013). 

In this case, the claim must be remanded to correct a duty to assist error that occurred prior to the AOJ’s April 2019 rating decision. The above evidence indicates that the Veteran’s current right ankle pain may be associated with VA treatment. The Veteran has not been afforded a VA examination in this matter. Thus, the Board cannot determine whether the Veteran currently has additional disability that was the result of carelessness, negligence, lack of proper skill, error in judgment, or similar instance of fault on the part of VA for treatment rendered from July 2013 through December 2013. Therefore, the Board finds that a remand based on this pre-decisional duty to assist error is warranted to schedule a VA examination and obtain a medical opinion with regard to the Veteran’s contentions that he incurred additional disability as a result of VA treatment from July 2013 to December 2013. 38 C.F.R. § 20.802 (a).

Accordingly, the claim is REMANDED for the following action:

Schedule the Veteran for a VA examination with an appropriate VA physician to obtain an opinion regarding the Veteran’s 38 U.S.C. § 1151 claim concerning his right Achilles tendon. The physician should first identify any and all disabilities relating to the Veteran’s right Achilles tendon. The physician is reminded that pain can constitute disability if it causes impairment in earning capacity.

The physician must review the claims file, including a copy of this REMAND. The physician should discuss the Veteran’s statements in support of his claim and prior VA medical evidence of record, to include VA outpatient treatment reports. 

The physician should address the following:

A. Is it at least as likely as not (i.e. 50 percent or greater probability) that the Veteran has a current right Achilles tendon disability, i.e., at any time since approximately December 2013, that was caused by VA treatment between July 2013 and December 2013 and was the result of carelessness, negligence, lack of proper skill, error in judgment, or similar instance of fault on part of VA?

In determining whether the proximate cause of a disability was the result of carelessness, negligence, lack of proper skill, error in judgment, or similar instance of fault on the part of VA, please discuss if VA failed to exercise the degree of care that would be expected of a reasonable health care provider.

B. If the response to question (A) is negative, is there current disability caused by VA treatment that is due to an event not reasonably foreseeable?

In determining whether an event is not reasonably foreseeable, the standard is what a “reasonable health care provider” would have considered to be an ordinary risk of treatment that would be disclosed in connection with the informed consent procedures of 38 C.F.R. § 17.32, which requires the primary health care provider to explain the reasonably foreseeable risks associated with the surgery or treatment being provided. 

The physician is advised that the Veteran is competent to report his symptoms and history, and such reports must be specifically acknowledged and considered in formulating any opinions. 

(Continued on the next page)

 

The physician must provide a rational for each opinion given.

 

 

Jonathan Hager

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board JR Cummings, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.